**Raymond W. QUILLIN, Plaintiff,**

v.

**U.S. GOVERNMENT; U.S. Navy; U.S. War Department; Senator Roger Jepsen; Senator Charles Grassley; and Former Rep. George Danielson, Defendants.**

No. C 84–1009.

United States District Court,
N.D. Iowa, E.D.

Aug. 14, 1984.

Raymond W. Quillin, pro se.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, Steven R. Ross, Gen. Counsel to the Clerk, Michael L. Murray, Asst. Counsel to the Clerk, Washington, D.C., for defendants.

ORDER

McMANUS, Chief Judge.

This matter is before the court on defendants, United States, U.S. Navy, U.S. War Department, Senator Roger Jepsen and Senator Charles Grassley's resisted motion to dismiss or, alternatively, for a more definite statement, filed April 20, 1984 and defendant, former Representative George Danielson's unresisted motion to dismiss, filed May 15, 1984. Plaintiff's request for oral argument is denied and the motion heard on the existing record. Dismissed.

On January 31, 1984 plaintiff, Raymond W. Quillin, acting pro se, initiated this action to recover damages for permanent injuries sustained in 1942. Plaintiff's injuries allegedly occurred when a private vehicle driven by a drunk driver hit the government contracted bus in which plaintiff was a passenger. At the time of the accident, plaintiff had just been released from his civilian government employment and was en route to complete his enlistment in the U.S. Navy. Although plaintiff's handwritten complaint contains vague allegations, it appears that he seeks recovery based on legal theories of tort for the 1942 accident itself and the failure of Congress to pass private legislation on his behalf.

While defendants raise numerous arguments in support of their motions to dismiss, the court finds it necessary to address only the issue of subject matter jurisdiction. Plaintiff asserts no grounds for jurisdiction but instead requests the court to entertain this action based on equitable considerations. Although the court is sensitive to the apparently unfortunate circumstances which have prevented plaintiff from receiving redress for his injuries, the law is clear.

Plaintiff's claim arising from the accident cannot be brought against the government under the Federal Torts Claim Act (FTCA) because the claim accrued before January 1, 1945. *See* 28 U.S.C. §§ 1346(b). Since the United States enjoys immunity from tort liability except where the jurisdictional provisions of the FTCA are met, e.g., *Dalehite v. United States*, 346 U.S. 15, 30–31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1952), plaintiff's claim concerning the cause of his injury must be dismissed for lack of subject matter jurisdiction. Similarly, the Speech and Debate Clause of the Constitution, Art. I, § 6, cl. 1, bars judicial inquiry in regard to the legislature's failure to enact remedial legislation. *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502–03, 95 S.Ct. 1813, 1820–21, 44 L.Ed.2d 324 (1975).

It is therefore

ORDERED

Dismissed.